## CHARLES B. COBURN *vs.* ABEL PROCTOR & another.

In an action by the assignee of an insolvent debtor to recover property alleged to have been transferred by the debtor, in violation of the *St.* of 1856, *c.* 284, § 27, to one who had reasonable cause to believe him insolvent, evidence that the defendant did not believe him to be insolvent is immaterial, and if admitted entitles the plaintiff to a new trial.

ACTION OF TORT by the assignee in insolvency of Herbert Trull to recover goods transferred by him to the defendants. Trial and verdict for the defendants in the court of common pleas in Middlesex at March term 1859, before *Perkins,* J., to whose rulings the plaintiff alleged exceptions, the material part of which is stated in the opinion.

*S. A. Brown,* for the plaintiff.

*W. P. Webster,* for the defendants.

BIGELOW, J. It is not contended by the plaintiff that the defendants were not competent to testify to every fact material and relevant to the issue which was tried in the present case; but the ground of objection is that they were allowed to give evidence which was not only incompetent, but which tended to prejudice the plaintiff. The action was brought by the plaintiff, as assignee of an insolvent debtor, to recover the value of certain property which had been transferred to the defendants by such debtor in violation of the provisions of *St.* 1856, *c.* 284, § 27. This transfer the plaintiff sought to avoid. In the course of the trial, the defendants, for the purpose of maintaining their defence, were permitted to testify that at the time of the delivery of the property to them by the debtor they believed him to be perfectly solvent. It seems to us that this testimony was clearly incompetent. The actual belief of the defendants as to the solvency of the debtor was wholly immaterial. The only inquiry which, under the statute, was relevant to the issue was whether the defendants had reasonable cause to believe the debtor insolvent, that is, whether, in view of all the facts and circumstances which were known to the defendants concerning the business and pecuniary condition of the debtor, in connection with the time and mode of the transfer of the property

taken, they, as reasonable men, acting with ordinary prudence, sagacity and discretion, had good ground to believe that the debtor was insolvent. This was the only legitimate subject of inquiry as to the belief of the defendants, which could properly be gone into before the jury. It was not intended by the statute to make the actual belief of the party concerning the solvency of the debtor one of the standards by which to test the validity of the transfer of property to him. Such belief might or might not be well founded. It would be an uncertain and fluctuating standard. That which would satisfy the mind of one man would be wholly insufficient to convince another; and those facts which would fall far short of producing a belief in a person who was disinterested and impartial, might have a very different effect upon the same person when acting under the strong influence of self-interest. In the place of a test so uncertain and unsatisfactory as the belief of a party, formed under a great bias, the statute established one much more safe and definite, equally applicable to all persons alike, and easily understood and readily applied by a jury — the belief of a reasonable man taking a transfer of property under like circumstances. If therefore the testimony of the defendants had been limited to the facts and circumstances concerning the business and condition of the debtor, and the transfer of the property to them, which would show that there was good reason to believe that the debtor was solvent, there would have been no valid ground of exception to the evidence. But the ruling of the court went further, and permitted the defendants to testify to their actual belief of his solvency. Such evidence was incompetent, and tended to divert the minds of the jury from the true issue, and to introduce an element which might materially influence their verdict.                    *Exceptions sustained.*